FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 04 2018  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JC MCCRARY,

                        Plaintiff,

                        -against-

JOHN G. MARKS, individually and in his
official capacity; DAVID RICH, individually
and in his official capacity,

                        Defendants.
----------------------------------------------------------------X

ORDER
17-CV-4368(JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff JC McCrary commenced this action on July 21, 2017 (ECF No. 1), alleging violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983. On November 16, 2017, defendants John G. Marks and David Rich ("defendants") filed a motion to dismiss plaintiff's complaint. (ECF No. 15.) On December 21, 2017, plaintiff responded with a Rule 11 motion for sanctions, including a declaration and memorandum that addressed defendants' motion. (ECF No. 17.) This Court referred the motion to dismiss to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation. (ECF No. 19.)

On July 9, 2018, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R," ECF No. 22), recommending that the Court grant defendants' motion to dismiss and deny plaintiff's motion for Rule 11 sanctions based on the arguments in defendants' motion papers (*id.* at 7). On July 25, 2018, plaintiff filed objections to the R&R. ("Plaintiff's Objections," ECF No. 24.) On August 9, 2018, defendants filed a response to Plaintiff's Objections. ("Defendants' Response," ECF No. 25.) The Court has fully considered the parties' submissions. For the reasons set forth below, after *de novo* review, the Court adopts the recommendations in the R&R, and provides some additional analysis herein.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Summary of the Report and Recommendation

The R&R summarizes plaintiff's allegations that his First and Fourteenth Amendment rights were violated, pursuant to 42 U.S.C. § 1983, when defendants denied plaintiff's request for a copy of court records "pertaining to a traffic and/or parking ticket" issued to another, non-party individual. (R&R at 2-3; *see* Compl. ¶¶ 7-13, 19.) In particular, as summarized in the R&R, plaintiff alleges the following: defendant Rich, Assistant Executive Director and Records

2

Access Officer of the Nassau County Traffic and Parking Violations Agency ("TPVA"), denied plaintiff's request for the at-issue court records, plaintiff appealed, and defendant Marks, Executive Director and Records Access Officer of the TPVA, affirmed Rich's denial of his request. (R&R at 2 (citing Compl. ¶¶ 8-10).) After this denial, plaintiff made his records request again, which the TPVA again denied. (*Id.*; *see* Compl. ¶¶ 11-13.) Plaintiff then commenced an Article 78 proceeding in the Nassau County Supreme Court to compel the TPVA to produce the requested court records. (R&R at 2 (citing Compl. ¶ 14).) The R&R notes that the Nassau County Justice presiding over plaintiff's proceeding wrote, in dismissing the case, that the TPVA "performs a judicial function and the records maintained by the agency are not subject to 'FOIL' [Freedom of Information Law][1] requests." (*Id.* at 3 (quoting ECF No. 15-3[2] at 2).) The R&R also notes that McCrary wrote to the Administrative Office of the Courts, complaining of this alleged violation of his constitutional rights. (*Id.* at 2; *see* Compl. ¶ 16.) Based upon these allegations, the R&R concludes that "the complaint is devoid of any facts or evidence that would support either of these constitutional claims."[3] (R&R at 5.)

---

[1] New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Officers Law §§ 84-90, permits individuals to request disclosure of certain records collected by New York state entities and prescribes the manner in which entities must respond thereto. Section 89(3) provides, *inter alia*, that state entities must:

> [W]ithin five business days of the receipt of a written request for a record reasonably described . . . make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgement of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied . . . .

N.Y. Pub. Officers Law § 89(3)(a). Further, an entity's failure to respond to a FOIL request in accordance with the provisions of Section 89(3)(a) "constitute[s] a denial" of that request. N.Y. Pub. Officers Law §§ 89(4)(a)-(b).

[2] When citing this exhibit, the R&R notes that "[o]n a motion to dismiss, a Court may consider documents that are integral to the complaint." (R&R at 2 n.1 (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).)

[3] In summarizing plaintiff's allegations, the R&R notes that plaintiff was an inmate at the time of his request, and that he did not explain in his complaint the nature of his relationship with the individual whose records he requested, or why he requested access to these records. (R&R at 1-2.)

First, as to the First Amendment claim, the R&R explains that, to bring a Section 1983 claim, a plaintiff must show that the conduct at issue "deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States" (R&R at 5 (quoting *Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 609 (E.D.N.Y. 2011))), and "[a] failure to comply with [New York's Freedom of Information Law] procedures does not, in and of itself, violate any rights protected by the First Amendment" (*id.* (quoting *Simpson v. Town of Southampton*, No. 06-CV-6743 (JFB)(WDW), 2007 WL 1755749, at *4-5 (E.D.N.Y. June 15, 2007))). The R&R explains that not only is plaintiff here seeking relief for a state law claim, but also courts have generally declined requests for this particular type of record. (*Id.*) More specifically, the R&R states that "although McCrary argues that he has a right to access court documents outside of the federal courts" (*id.* at 6 (citing *Collins v. Etheridge*, No. 04-CV-4138 (FB)(LB), 2005 WL 1475407, at *2 (E.D.N.Y. June 22, 2005)), "courts have declined to extend the First Amendment right of access to non-criminal records" (*id.* at 5-6 (citing *Simpson*, 2007 WL 1755749, at *4-5)). Thus, the R&R concludes that plaintiff's request for information relating to a traffic and/or parking ticket does not give rise to a plausible Section 1983 First Amendment claim.[4] (*Id.* at 6.)

Turning to plaintiff's Fourteenth Amendment claim, the R&R explains that (as with the First Amendment claim) "a plaintiff cannot maintain a cause of action under Section 1983 when the alleged deprivation of due process is based on the violation of state law." (*Id.* (quoting *Reed*, 806 F. Supp. 2d at 607).) The R&R next explains that plaintiff followed the New York state procedure to challenge the denial of his request, and was given adequate process through his

---

[4] In recommending dismissal of the First Amendment claim, the R&R notes that "defendants have suggested that McCrary would not have been banned from reviewing the materials at the clerk's office. He was simply unable to do so because he is incarcerated. The defendants have, however, refused to copy and mail the records to him, which they would have done had the request been proper under the Freedom of Information Act." (*Id.* at 6 n.2.)

Article 78 proceeding. (*Id.* at 6-7 (first citing *Ramos v. Culick*, No. 16-CV-01312 (FJS/TWD), 2017 WL 835406, at *4 (N.D.N.Y. Feb. 9, 2017), *adopted by*, 2017 WL 823580 (N.D.N.Y. Mar. 2, 2017); then citing *Reed*, 806 F. Supp. 2d at 606 (barring plaintiff from litigating FOIL case)).) Finally, the R&R states that plaintiff lacked a property interest in the requested documents that could make such a claim viable, given that "[t]he overwhelming majority of courts in this Circuit have determined that 'a plaintiff has no property interest in obtaining FOIL documents.'" (*Id.* at 7 (quoting *Simpson*, 2007 WL 1755749, at *4).) For these reasons, the R&R recommends that the Court grant defendants' motion to dismiss and deny plaintiff's motion for Rule 11 sanctions.

### Plaintiff's Objections

As a threshold matter, in his objections, "plaintiff concedes that a failure to comply with New York's Freedom of Information Law procedures does not violate any rights protected by the First Amendment" and then adds that "he does not allege a constitutional violation based on the denial of his FOIL request." (Plaintiff's Objections ¶ 1.) Instead, plaintiff argues that the R&R incorrectly concluded that his complaint was "devoid of any facts or evidence that would support" his constitutional claims. (*Id.* ¶ 2.) In particular, plaintiff asserts that the R&R failed to consider his allegations regarding the March 10, 2017 letter he sent to Judge Lawrence K. Marks in the Administrative Office of the Courts, which "was also forwarded to [defendant Marks] putting him on notice that his actions were in violation of Plaintiff's constitutional right[s]" and the "New York common law right of access to the same records." (*Id.* ¶¶ 3-6; Compl. ¶¶ 16-17.) Plaintiff also objects to the R&R on the basis that it "misstated the law" in citing *Simpson v. Town of Southampton* for the proposition that courts have declined to extend the First Amendment right of access to non-criminal records *generally*, given that—according to plaintiff—the court's ruling in *Simpson* was cabined to the specific type of records at issue in

5

that case. (Plaintiff's Objections ¶ 8 (explaining that the court in *Simpson* stated that "'courts have declined to extend the First Amendment right of access to encompass the type of non-criminal, **non-judicial public records sought by plaintiff in this case**.' The plaintiff in *Simpson* sought '**real estate** related data'" (quoting *Simpson*, 2007 WL 1755749, at *4)).) Plaintiff concludes his objections by requesting that, if the Court adopts the R&R's recommendations, the Court also grant leave for plaintiff "to amend his complaint for the purpose of striking paragraphs 4-14 while adding the allegations contained in his March 10, 2017 letter to the defendants requesting the records pertaining to [the non-party]." (*Id.* at 5.)

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the R&R, the Court agrees with the R&R's conclusion that plaintiff failed to state a plausible claim for relief under the First or Fourteenth Amendments. Even liberally construing plaintiff's objections, the Court concludes that plaintiff has not put forward any arguments that address the legal and factual deficiencies in his claims. Although plaintiff is attempting to raise a federal constitutional claim (independent of New York's Freedom of Information Law or any other state procedure), his current allegations fail to do so.

First, this Court recognizes that there is a federal constitutional right of access to certain types of state judicial records. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-96 (2d Cir. 2004) (holding that there is a qualified First Amendment right of access to docket sheets from state court criminal and civil proceedings). Although defendants argue (and the R&R agrees) that there is no First Amendment right of access to records pertaining to traffic and/or parking tickets, this Court need not address that legal issue in order to conclude that the current Complaint fails to state a plausible First Amendment claim. In particular, as noted in the R&R

and in defendants' papers, the plaintiff does not allege that he was deprived physical access to (or inspection of) the traffic court files; rather, he simply alleges that the defendants failed to copy and produce those records to him as he requested. (*See, e.g.*, Compl. ¶ 7 ("Plaintiff wrote to the Nassau County Traffic and Parking Violation Agency ('TPVA') *requesting a copy of court records* pertaining to a traffic and/or parking ticket issued to Luis F. Mejia (DOB 10/14/57) on September 3, 2005." (emphasis added)).)

There is no general constitutional right to have judicial documents copied and mailed to third parties by the court on request. In fact, even an indigent criminal defendant challenging his conviction would have to demonstrate that the failure to provide him with free copies of certain court documents deprived him of "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights" in order to establish a violation of his First Amendment right of access. *See, e.g., Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Collins v. Goord*, 438 F. Supp. 2d 399, 415 (S.D.N.Y. 2006). Accordingly, and as the Supreme Court has emphasized, the First Amendment right of access "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Here, there is nothing in the Complaint that plausibly suggests that the failure to produce a copy to plaintiff of records relating to another individual's traffic/parking ticket somehow impedes plaintiff's ability to vindicate his own constitutional rights in connection with a criminal proceeding or any other judicial proceeding. Thus, assuming

7

*arguendo* that a qualified First Amendment right to inspect these documents exists, no plausible First Amendment claim exists here given that the complaint does not allege *a denial of the right to inspect or copy the documents at the court*, but rather simply suggests that the court denied the request to copy and send the document to plaintiff.[5] *See, e.g., Collins v. Miller*, 338 F. App'x 34, 36 (2d Cir. 2009) ("Collins failed to state a First Amendment denial of access claim here because he does not allege that he ever sought the desired documents and information from the Criminal Court, *let alone that the court denied him access*." (emphasis added)).

Second, although plaintiff does not directly challenge the R&R's decision with respect to the Due Process claim, this Court, having conducted a *de novo* review, agrees with the R&R that no Section 1983 claim for violation of due process can exist when, as here, the alleged deprivation of process is based upon a violation of state law. (R&R at 6 (citing cases)).

Third, plaintiff argues that the R&R failed to address all of his claims—in particular, the claims surrounding the March 10, 2017 letter. However, the R&R noted that plaintiff sent the March 10, 2017 letter to the Administrative Office of the Courts, indicating that Magistrate Judge Lindsay took these allegations into consideration before concluding that the complaint lacked evidentiary support for plaintiff's alleged constitutional claims.[6] (R&R at 2.) In any event, this Court has fully taken into consideration the allegations regarding the March 10, 2017 letter and concludes that such allegations do not assist plaintiff in stating a plausible Section 1983 claim. As defendants correctly point out in response to plaintiff's objections, the

---

[5] In reaching this decision, the Court is aware that plaintiff references a denial of "access" to traffic court records multiple times in his complaint. However, as noted above, there are no allegations that plausibly support denial of physical access to the documents, as opposed to a denial of his actual request to copy and produce the records to him (while incarcerated). Thus, his conclusory reference to a right to denial of "access" (especially in light of his other allegations) does not state a plausible First Amendment claim.

[6] Additionally, the Court notes that the R&R did not need to specifically mention each of plaintiff's allegations. The R&R adequately demonstrated that Magistrate Judge Lindsay had considered all of the allegations in arriving at her conclusion that plaintiff failed to provide the factual and legal support required to proceed on these claims.

allegations relating to the March 10, 2017 letter would not give rise to viable First and Fourteenth Amendment claims for the reasons discussed in the R&R: neither the letter to the Administrative Office of the Courts nor the fact that it was forwarded to defendants would create a federal constitutional right to access the at-issue traffic and/or parking ticket-related records for the reasons discussed in the R&R and in this Order. In other words, the defect in plaintiff's claim is not that he failed to reference an assertion of a constitutional violation to the state officials; rather, the current allegations themselves do not assert a plausible claim.

In short, after having considered all of plaintiff's objections and having conducted a *de novo* review of entire R&R, the Court agrees with the R&R that the Section 1983 claims should be dismissed and, thus, grants defendants' motion to dismiss. Moreover, given that the motion to dismiss is meritorious and there is no basis for imposition of sanctions, the Court denies plaintiff's motion for Rule 11 sanctions.

### Leave to Amend

The Court has also considered whether plaintiff should be granted leave to amend, as plaintiff requested. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has emphasized that district courts should not dismiss *pro se* complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Defendants are correct in asserting that the objections do not suggest how plaintiff could cure the defects identified by the R&R (or by this Court) in an amended complaint. As noted above, plaintiff wishes to add the substance of the March 10th letter to his complaint, but that letter does not

appear to cure any of the defects that supported dismissal of the Section 1983 claims. However, in light of plaintiff's *pro se* status and in an abundance of caution, the Court will provide plaintiff with an opportunity to explain in an amended complaint (if such facts exist) as to how his right to inspect (as opposed to receive a copy in the mail) the documents was denied in any way and/or how the failure to provide him with mailed copies of these documents is preventing him from having "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Bounds*, 430 U.S. at 825. Even if plaintiff asserts these allegations, defendants may still raise (in a subsequent motion to dismiss) that no qualified First Amendment right exists with respect to these types of records.

## Conclusion

For the foregoing reasons, the Court adopts the recommendations contained in the R&R (ECF No. 22), grants the motion to dismiss (ECF No. 15), and denies plaintiff's motion for Rule 11 sanctions. Accordingly, the complaint is dismissed. The Court grants plaintiff leave to submit an amended complaint in accordance with the specifications set forth in the R&R. Plaintiff's amended complaint must be filed within 45 days from the date of this Order. Failure to do so will result in dismissal of the case and the case being closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: September 4, 2018
Central Islip, New York

10